IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT BARTLETT and PATRICK LEYDEN, Individually and on behalf of other similarly situated SWAT team members on the Chicago Police Department, | ) ) ) ) ) |
| Plaintiffs, | ) Case No. 14 CV 07225 |
| | ) Hon. Charles P. Kocoras |
| v. | ) Hon. Magistrate Judge Sidney I. |
| | ) Schenkier |
| | ) |
| CITY OF CHICAGO, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT CITY OF CHICAGO'S MEMORANDUM
IN SUPPORT OF ITS BILL OF COSTS**

Defendant, City of Chicago ("City"), through its attorneys, Laner Muchin, Ltd., hereby submits this memorandum in support of its Bill of Costs[1].

**I.    INTRODUCTION**

On October 1, 2019, the Court entered summary judgment in favor of the City and against all Plaintiffs on all claims. (Dkt. Nos. 257-258) Federal Rule of Civil Procedure 54(d), 28 U.S.C. § 1920, and Northern District of Illinois Local Rule 54.1 entitle the City to recover certain costs that it reasonably and necessarily expended in defending itself against Plaintiffs' claims. To defend this lawsuit and prevail on all of Plaintiffs' claims, the City incurred certain costs eligible to be recovered, as set forth in the City's Itemization of the Bill of Costs

---

[1]  The City is contemporaneously filing herewith its Itemization of the Bill of Costs, the Court's form AO 133 Bill of Costs, and supporting documentation. (Dkt. No. 261)

1

("Itemization") (Dkt. No. 261). The City seeks a total award of $18,951.69 in costs[2]. (Dkt. No. 261)

## II. STANDARD FOR AWARDING COSTS

Costs, other than attorneys' fees, are allowed to the prevailing party unless the court or a statute otherwise directs. Fed. R. Civ. P. 54(d)(1). Rule 54(d) creates a presumption in favor of awarding costs to the prevailing party, and the losing party has the burden to affirmatively show that costs should not be awarded. *M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1409 (7th Cir. 1991). "The presumption in favor of awarding costs to the prevailing party is difficult to overcome, and the district court's discretion is narrowly confined -- the court must award costs unless it states good reasons for denying them." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997); s*ee also Crosby v. Federal Signal Corp.*, No. 97C 4967, 1998 U.S. Dist. LEXIS 18501, *2 (N.D. Ill. Nov. 9, 1998) (this Court stated that "the prevailing party is *prima facie* entitled to costs and it is incumbent on the losing party to overcome the presumption"); *Trading Techs. Int'l, Inc. v. eSpeed, Inc.*, 750 F. Supp. 2d 962, 968 (N.D. Ill. 2010) (the prevailing party enjoys the "strong presumption" that it will recover costs); *Staszak v.*

---

[2] On November 29, 2018, Case No. 18-cv-06468, *Armando Chagoya et al. v. City of Chicago*, was reassigned to the calendar of the Honorable Charles P. Kocoras based on relatedness with the instant matter. (Case No. 18-cv-06468, Dkt. No. 17) In *Chagoya*, 23 Plaintiffs filed suit. All of the *Chagoya* Plaintiffs, similar to the Plaintiffs in the instant matter, are Chicago Police Department officers below the rank of Sergeant who are or were formerly assigned to the SWAT Unit. The City's understanding is that the *Chagoya* Plaintiffs were not included in the FLSA collective opt-in class and Rule 23 class in the *Bartlett* matter primarily because the *Chagoya* Plaintiffs were not assigned to the SWAT Unit when the *Bartlett* classes were formed in 2015 during the pendency of the instant litigation. The City was not required to file any responsive pleading in *Chagoya*, and no discovery was taken in that matter. In *Chagoya*, on October 2, 2019, this Court entered judgment in the City's favor against all of the *Chagoya* Plaintiffs based on the Court's granting of the City's summary judgment motion in the *Bartlett* matter. (Case No. 18-cv-06468, Dkt. Nos. 19-20) For these reasons, the City requests that the Court tax costs against the 23 *Chagoya* Plaintiffs in addition to the *Bartlett* Plaintiffs.

2

*Kimberly-Clark Corp.*, No. 01 C 3631, 2002 U.S. Dist. LEXIS 22280, *2 (N.D. Ill. Nov. 18, 2002) (accord).

Allowable costs include: (1) fees of the clerk and marshal; (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court-appointed experts, compensation of interpreters and salaries, fees, expenses, and costs of special interpretation services. 28 U.S.C. § 1920. Costs are allowable in cases brought under the Fair Labor Standards Act. *Allen v. City of Chicago*, No. 10 C 3183, 2016 U.S. Dist. LEXIS 34063, *5 (N.D. Ill. Mar. 16, 2016) (*citing Frye v. Baptist Mem'l Hosp., Inc.*, 507 F. App'x 506, 508 (6th Cir. 2012), and 29 U.S.C. § 216(b)).

The City seeks costs for the following categories: (1) costs related to deposition transcripts and court reporter attendance fees for those depositions; (2) court hearing transcript costs; and (3) copying costs.

## III. DEPOSITION COSTS

The City seeks deposition costs of $15,725.45[3]. (Dkt. 261, pp. 1-3 and Ex. B) Courts may award deposition costs, including the costs of transcripts and reasonable court reporter attendance fees, under 28 U.S.C. § 1920(2). *Held v. Held*, 137 F.3d 998, 1002 (7th Cir. 1998); *Extra Equipamentos E Exportacao Ltda. v. Case Corp.*, 541 F.3d 719, 727 (7th Cir. 2008).

---

[3] For five of the depositions taken in this matter, the City ordered and received transcripts, but did not receive invoices from a court reporting agency. The City's counsel raised this issue with the court reporting agency and requested invoices for the five depositions at issue so that the transcripts could be paid for. The court reporting agency did not provide the requested invoices. As a result, the City has not yet incurred costs for these five depositions. While those costs could potentially materialize, the City is not seeking costs for those five depositions. For reference, those depositions are the June 30, 2017 deposition of Steve Georgas, the July 27, 2017 deposition of Raymond Hamilton, two April 13, 2017 depositions of Thomas Lamb and the June 8, 2017 deposition of Donald O'Neill.

All of the depositions included in the City's Bill of Costs and Itemization were reasonable and necessary in this matter. In fact, Plaintiffs took eight (8) of the depositions for which the City seeks costs -- the depositions of Steve Georgas (June 9, 2017), Ronald Gibbs, John Hroma, Sean Joyce, Anargyros Kereakes, Thomas Lamb (May 14, 2015), Mark Marianovich and Charles Rhein. (Dkt. 261, pp. 1-3 and Ex. B) As this Court recognized in *Ismail v. Potter*, No. 05 C 409, U.S. Dist. LEXIS 92158, *8-9 (N.D. Ill. Dec. 20, 2006), plaintiffs have full control over costs related to depositions they choose to take and, as a result, they are responsible for those costs if they are the losing party. Therefore, there can be no question that the City is entitled to the costs it seeks related to the eight (8) depositions taken by Plaintiffs.

In addition, the City relied on deposition testimony extensively in its summary judgment submissions, including in its statements of fact, memorandum of law, responses to Plaintiffs' statements of fact and memorandum of law, its additional statements of fact and its responses to Plaintiffs' additional statements of fact. Moreover, the Court entered judgment in favor of the City on all of Plaintiffs' claims by granting the City's motion for summary judgment. Consequently, the deposition testimony the City cited as part of its summary judgment submission clearly arose from depositions that were reasonable and necessary to the litigation because the deposition testimony, in part, led to the dismissal of all of Plaintiffs' claims. *See Trading Techs. Int'l, Inc.*, 750 F. Supp. 2d at 975 (court awarded $76,181.11 in deposition costs because the depositions were used extensively during the case).

It must also be noted that Plaintiffs moved for summary judgment on their Fair Labor Standards Act ("FLSA") and Illinois Minimum Wage Law ("IMWL") claims. In doing so, Plaintiffs cited extensively to deposition testimony from many of the thirteen (13) depositions they took of Chicago Police Department supervisors. In their summary judgment submissions,

4

Plaintiffs also relied on testimony from twelve (12) depositions of Plaintiffs taken by the City[4]. Plaintiffs cannot move for summary judgment on their FLSA and IMWL claims (thereby taking the position that they were entitled to judgment as a matter of law on those claims), rely on deposition testimony in support of their summary judgment motion, and then claim that the taking of those depositions was not necessary for the litigation. In fact, there is only one deposition for which the City seeks costs that was taken by the City and not cited to by either Party in their summary judgment submissions – the August 25, 2015 deposition of Named Plaintiff Robert Bartlett (who was deposed twice). In short, the Parties' substantial use of deposition testimony in their summary judgment submissions demonstrates that all of the depositions were reasonable and necessary for the litigation of this case.

While the Parties' extensive reliance on deposition testimony in their summary judgment submissions certainly is a relevant factor (and weighs heavily in favor of costs being awarded), it is not determinative of whether costs shall be awarded for the depositions. In *EEOC v. Yellow Freight Sys.*, No. 98 C 2725, 1999 U.S. Dist. LEXIS 16442, *6-7 (N.D. Ill., Oct. 13, 1999), this Court recognized the well-settled rule of law that whether a deposition transcript is used in a motion for summary judgment is not determinative of whether the prevailing party may recover costs for that deposition. Rather, the proper inquiry is whether the witness's testimony was necessary when the deposition was taken. *Id.* at 7; *see also Finchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995); *Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 455 (7th Cir. 1998). Plaintiffs cannot make the showing that *any* of the depositions included in the City's Itemization were not reasonable and necessary at the time they were taken.

---

[4] Those depositions are of Plaintiffs Paul Amelio, Robert Bartlett (May 22, 2015), Scott Berry, Joshua Bowers, Jesus Cano, Andrew Cuomo, James Dunn, Patrick Leyden, Felipe Nunez, Johnny Quinones, Michael Sebastian, and Eduardo Vasquez (July 12, 2017).

The reasonableness and necessity of the depositions for which the City seeks costs is further demonstrated by the fact that *Plaintiffs agreed to the number of depositions taken by the City*.[5] This case involved a FLSA collective action for Plaintiffs' FLSA claim and a Rule 23 class for their state law claims under the IMWL and Illinois Wage Payment and Collection Act. (Dkt. No. 61) The FLSA collective action consisted of 76 Plaintiffs and the Rule 23 class consisted of 102 class members. Pursuant to an agreement the Parties reached during discovery, the City deposed eighteen (18) Plaintiffs, which is a reasonable amount given the size of the FLSA collective action and Rule 23 class.[6] Certainly, depositions taken by the agreement of the Parties constitute depositions that were reasonable and necessary to the case when they were taken.

The $12,975.45 in deposition transcript costs the City seeks (in addition to court reporter attendance fees, which are addressed in the paragraph below) are consistent with the amounts allowed for depositions by the Judicial Conference, and, therefore, are reasonable. *See* Local Rule 54.1 (stating that "the costs of the transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference of the United States"); United States District Court, Northern District of Illinois, Maximum Transcript Costs, Ordinary Transcript, available at https://www.ilnd.uscourts.gov/Pages.aspx?rsp2kxYIAI6Z3skP0PESA+q3bXKkfRyo.

---

[5] In fact, the City initially requested to take up to 25 depositions (which the City believed was reasonable based on the size of the FLSA opt-in collective action and Rule 23 class). After Plaintiffs objected to that proposal, the Parties reached a compromise and agreed that the City would take 17 depositions in addition to named Plaintiff Robert Bartlett, who had already been deposed.

[6] Those deponents include the following Plaintiffs: Paul Amelio, Robert Bartlett (deposed on May 22, 2015 and August 25, 2015), Scott Berry, Joshua Bowers, Jesus Cano, Efrain Cintron, Richard Coyle, Andrew Cuomo, James Dunn, Patrick Leyden, Wagner Francois Manzo, Luis Molina, Felipe Nunez, Johnny Quinones, Alfredo Razo, Michael Sebastian, David Shen, and Eduardo Vasquez (his deposition was re-opened by agreement of the Parties).

Lastly, as this Court has recognized on a number of occasions, the court reporter deposition attendance fees the City seeks are taxable costs that are recoverable. *See*, *e.g.*, *Ismail*, 2006 U.S. Dist. LEXIS at *8; *Crosby*, 1998 U.S. Dist. LEXIS at *9-10; *Packman v. Chicago Tribune Co.*, No. 99 C 7458, 2001 U.S. Dist. LEXIS 2385, *5 (N.D. Ill. Mar. 7, 2001); *FMS, Inc. v. Volvo Constr. Equip. North America, Inc.*, No. 00 C 8143, 2009 U.S. Dist. LEXIS 55637, *6-7 (approving $1,722.24 in deposition court reporter attendance fees). Further, the court reporter deposition attendance fees the City seeks are consistent with the amounts allowed pursuant to Local Rule 54.1(b). *See* Dkt. 261, pp. 1-3 and Ex. B; *Equipamentos E Exportacao Ltda.*, 541 F.3d at 727; *Allen*, 2016 U.S. Dist. LEXIS 34063 at *17-18.

## IV. COURT HEARING TRANSCRIPTS

The City seeks costs in the amount of $720.35 for three transcripts it ordered related to status and motion hearings that took place during discovery. (Dkt. 261, p. 3 and Ex. C) The City attaches copies of the hearing transcripts to this Memorandum as **Exhibits A-C**.

Court hearing transcripts "need not be absolutely indispensable in order to provide the basis of an award of costs; it is enough that they are 'reasonably necessary.'" *Thayer v. Chiczewski*, Nos. 07 CV 1290 and 07 CV 1406, 2010 U.S. Dist. LEXIS 80752, *14 (N.D. Ill. Aug. 4, 2010) (*quoting Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993)). In *Thayer*, the court found that the prevailing parties' ordering of certain court hearing transcripts was reasonable and necessary because: one of the transcripts related to a motion to compel hearing and contained a record of the magistrate judge's rulings on the motion to compel and comments the magistrate made in open court regarding compliance with the motion; the prevailing parties needed one of the transcripts to "respond swiftly and accurately to the discovery that had been ordered"; one transcript contained important details that were not addressed in the court's truncated minute order; and the court's comments during one of the hearings "were of central importance" to

discovery issues. 2010 U.S. Dist. LEXIS 80752, at *16-20; *see also Am. Safety Cas. Ins. Co. v. City of Waukegan*, No. 07 C 1990, 2011 U.S. Dist. LEXIS 1459, *17-18 (N.D. Ill. Dec. 20, 2011) (costs for court hearing transcripts were taxable, in part, because the prevailing party needed one of the transcripts "to insure [sic] it complied fully with the district judge's ruling set forth in open court"); *SP Techs., LLC v. Garmin Int'l, Inc.*, No. 08 CV 3248, 2014 U.S. Dist. LEXIS 3441, *7-9 (N.D. Ill. Jan. 10, 2014) (awarding costs for court hearing transcripts that were obtained, in part, so the prevailing party could respond to various motions that were filed in the lawsuit); *Zenith Elecs. Corp. v. WH-TV Broad. Corp.*, No. 01 C 4366, 2004 U.S. Dist. LEXIS 13657, *11 (N.D. Ill. July 16, 2004) (granting costs for hearing transcripts).

The City's ordering of the three court hearing transcripts included in the Itemization was reasonable and necessary to the litigation of this case.[7] The first transcript is from a hearing Magistrate Judge Schenkier held on July 22, 2016. (*See* Dkt. No. 105 and also **Ex. A**, attached hereto) During that hearing, the Court addressed motions to compel that had been filed by ***both*** Parties and made a number of important discovery-related rulings related to the motions to compel, many of which required specific follow-up actions to be taken by the Parties in discovery. The City needed to obtain a copy of the hearing transcript to ensure that it complied with the Court's rulings related to the motions to compel, and also monitor Plaintiffs' compliance with those rulings.

Likewise, during a hearing presided over by Magistrate Judge Schenkier on August 2, 2016, the Court made rulings related to a complex and highly contentious e-discovery production the City was in the process of handling in response to a discovery request made by Plaintiffs. (*See* Dkt. 114 and also **Ex. B**, attached hereto) The rulings Magistrate Judge Schenkier made

---

[7] The City ordered transcripts from eight hearings in this matter, yet it seeks costs for only three of those transcripts.

8

during that hearing involved nuanced e-discovery issues the City needed to address (and resolve to the Court's and Plaintiffs' satisfaction) in a timely manner. Thus, it was reasonable and necessary for the City to obtain a copy of the hearing transcript so that it could comply fully with the Court's rulings.

The final court hearing transcript included in the City's Itemization is for a hearing held on June 20, 2017 before Magistrate Judge Schenkier. (*See* **Ex. C**, attached hereto) At that hearing, the Court addressed the deposition of Steve Georgas, which had been taken by Plaintiffs prior to the June 20, 2017 hearing, but suspended not long after the deposition began based on a dispute the Parties had about questions Plaintiffs' counsel asked to the deponent. Magistrate Judge Schenkier allowed the deposition to be re-opened, but made important comments during the hearing that established the parameters for the re-opened deposition. The City ordered a copy of the hearing transcript to ensure that when the re-opened deposition proceeded, Plaintiffs' counsel did not ask any questions or take any other actions during the re-opened deposition that were inconsistent with the comments Magistrate Judge Schenkier made in open court during the June 20, 2017 hearing.

For these reasons, the City's ordering of the three court hearing transcripts included in the Itemization was necessary for the litigation of this case. Indeed, the City's reasons for ordering and using the transcripts are similar to the reasons stated in *Thayer*, 2010 U.S. Dist. LEXIS 80752; *Am. Safety Cas. Ins. Co.*, 2011 U.S. Dist. LEXIS 1459; *SP Techs., LLC*, 2014 U.S. Dist. LEXIS 3441; and *Zenith Elecs. Corp.*, 2004 U.S. Dist. LEXIS 13657, *supra*, cases in which courts awarded costs for prevailing parties for obtaining court hearing transcripts.

## V. PHOTOCOPYING COSTS

The City seeks $2,505.89 in photocopying costs. (Dkt. 261, pp. 3-6 and Ex. D) This amount includes costs of $1,204.79 for copying expenses incurred in the photocopying,

9

processing and electronic reproduction of time and attendance records requested by Plaintiffs in discovery, and costs of $1,301.10 for copying expenses incurred in producing other documents to Plaintiffs in discovery, preparing deposition exhibits, and making copies of pleadings, motions and related exhibits that were filed by the Parties with the Court, including copies related to the Parties' extensive cross motion for summary judgment submissions.

The photocopying costs incurred for the production of Plaintiffs' time and attendance records and other documents the City produced to Plaintiffs in discovery are recoverable under 28 U.S.C. § 1920(4), which allows the Court to tax as costs "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case" (28 U.S.C. § 1920(4)), including "amounts spent copying documents produced [in discovery]…." *M.T. Bonk Co.*, 945 F.2d at 1410. *See also Packman*, 2001 U.S. Dist. LEXIS 2385 at *7-8 (costs arising from making copies of documents produced in discovery were taxable); *Independence Tube Corp. v. Copperweld Corp.*, 543 F. Supp. 706, 722 (N.D. Ill. 1982) (photocopying charges attributable to discovery were reasonably necessary for use in the case and can be awarded); *Kulumani v. Blue Cross Blue Shield Ass'n*, 224 F.3d 681, 685 (7th Cir. 2000) (a party may recover the costs associated with the copying of discovery production documents and pleading documents).

Additionally, the other photocopied documents covered by the City's Bill of Costs – documents for deposition exhibits and copies of pleadings and motions and exhibits attached thereto – also are recoverable because they were "necessary for use in the case." 28 U.S.C. § 1920(4). The phrase "for use in the case" refers to "'materials actually prepared for use in presenting evidence to the court....'" *McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1584 (7th Cir.1990) (citation omitted). *See also Trading Techs. Int'l, Inc.*, 750 F. Supp. 2d at 978.

The $2,505.89 being sought by the City for photocopying costs is a relatively modest amount. This collective and class action was litigated for five (5) years, involved 76 Plaintiffs as part of the FLSA collective action and 102 Plaintiffs in the Rule 23 class, involved the production of hundreds of thousands of e-mails and documents, and involved thirty-three (33) total depositions. The amount of photocopying costs sought by the City pales in comparison to the $236,775.74 in copying costs awarded to the prevailing party in *Trading Techs. Int'l, Inc.*, 750 F. Supp. 2d at 980, and the Seventh Circuit's upholding of an award of copying costs of more than $50,000.00 in *Northbrook Excess and Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633 (7th Cir. 1991), which was not excessive "in the context of a six-year paper war." *Id.* at 643.

Lastly, the $0.15 charge per page incurred by the City for the photocopies carried out by Laner Muchin, Ltd. is reasonable, as other courts, including this Court, have found that costs of $0.20 and $0.15 per page are reasonable. *See*, *e.g.*, Staszak, 2002 U.S. Dist. LEXIS 22280 at *5 (awarding photocopying costs of $0.15 per page); *Packman*, 2001 U.S. Dist. LEXIS at *6 (costs assessed at $0.20 per page was proper); *Sharp v. United Airlines, Inc.*, 197 F.R.D. 361, 363 (N.D. Ill. 2000) (awarding copying costs at a rate of $0.20 per page); *Chamberlain Mfr. Corp. v. Maremont Corp.*, No. 92-C-0356, 1995 U.S. Dist. LEXIS 19305, *12 (N.D. Ill. Dec. 29, 1995) (approving total photocopying cost at a rate of $.20 per page).

## VI.  CONCLUSION

WHEREFORE, Defendant, City of Chicago, seeks to be reimbursed in accordance with Federal Rule of Civil Procedure 54(d), Local Rule 54.1, and 28 U.S.C. § 1920 for the reasonable and necessary costs it incurred in the defense of Plaintiffs' lawsuit. The City respectfully requests that the costs set forth in its Itemization and Bill of Costs totaling the amount of $18,951.69 be taxed to the Plaintiffs.

Date: October 31, 2019                                    Respectfully submitted,

                                                          CITY OF CHICAGO

                                                          By:    /s/Matthew P. Kellam
                                                                 One of Its Attorneys

James J. Convery (6180697)
Jennifer A. Naber (6197465)
Matthew P. Kellam (6303675)
Priyavathi Reddy (6315679)
Laner Muchin, Ltd.
515 N. State, Suite 2800
Chicago, Illinois 60654
(312) 467-9800

**CERTIFICATE OF SERVICE**

Matthew P. Kellam, an attorney, hereby certifies that he caused the foregoing **Defendant City of Chicago's Memorandum In Support of Its Bill of Costs** in the above-captioned matter to be served via the electronic filing system to the Clerk of Court on this 31st day of October 2019, addressed to:

> Paul D. Geiger
> Ronald C. Dahms
> Law Offices of Paul D. Geiger
> 540 W. Frontage Road, Suite 3020
> Northfield, IL 60093
> pauldgeiger@gmail.com
> rdahmslaw@gmail.com

/s/Matthew P. Kellam